UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. HOWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-01704-EPG<br><br>ORDER GRANTING, IN PART, MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 23) |

　　　　On October 2, 2023, Attorney Young Cho, counsel for Plaintiff John W. Howell, filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 23). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (ECF No. 25). Plaintiff has not filed any response to the motion. On October 23, 2023, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 26). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 18).

　　　　For the reasons set forth below, the motion for attorney's fees is granted in part, in the amount of $17,800.00, subject to an offset of $3,400.00 in fees already awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on November 5, 2020 (ECF No. 22).

//

## I. BACKGROUND

Plaintiff filed the complaint in this case on December 5, 2019. (ECF No. 1).

On September 23, 2020, the parties filed a stipulation for voluntary remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 17). On September 24, 2020, the Court entered an order approving the parties' stipulation and entering judgment in favor of Plaintiff. (ECF No. 19). On November 5, 2020, pursuant to the parties' stipulation, the Court entered an order awarding Plaintiff $3,400 in EAJA fees. (ECF Nos. 21, 22).

On remand, the Commissioner held further proceedings and determined Plaintiff was entitled to disability insurance benefits. (ECF No. 23, p. 5). The Commissioner calculated Plaintiff's past-due benefits at $119,480.00 and 25%, *i.e.*, $29,870.00, was withheld to pay Plaintiff's representative. (ECF No. 23, p. 3; ECF No. 23-3, pp. 1- 2). This matter is now before the Court on counsel's motion, seeking an award of $24,000.00. (ECF No. 23).

## II. DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586

F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Counsel Cho seeks an award of $24,000 under 42 U.S.C. § 406(b) for 15.6 hours of attorney time and 2.2 hours of paralegal time. (ECF No. 23, p. 16; ECF No. 23-4). The requested amount is equivalent to 20.1% of the past due benefits payable to Plaintiff. (ECF No. 23, p. 11).

The fee agreement signed by Plaintiff at the outset of litigation specifically provides for a fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration" as well as a "separate" fee equal to "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF No. 23-1, p. 1). Counsel represents that he intends to seek additional fees under 42 U.S.C. § 406(a) for worked performed before the Administration in the amount of $10,000.00.[1]

---

[1] The total aggregate fees sought by counsel under §§ 406(a) and (b) will amount to $34,000.00. This is

3

(*Id.*, p. 10). Counsel Cho's declaration states that he "will apply a remittitur so that the aggregate of all fees received by counsel and counsel's firm from administrative and Court awards will not exceed the withholding in this case," i.e., $29, 870.00. (*Id.*, p. 16).

Turning now to the reasonableness of the fee request in light of the contingency-fee agreement, the Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which include obtaining a stipulated remand and an award of benefits after further proceedings. There is no indication that a reduction is warranted due to any substandard performance by counsel and there is no evidence that counsel engaged in any dilatory conduct resulting in delay. Further, the record of 17.8 hours expended in this matter is supported by itemized time entries. (ECF No. 23-4).

However, the benefits awarded are large in comparison to the time spent by counsel. Here, the de facto hourly rate based on the total award requested ($24,000) and the total work performed (17.8 hours) is $1,348.31.[2] Although Plaintiff's counsel argues that the de facto hourly rate does not result in a windfall and is supported by several cases where the district court allowed effective hourly rates ranging from $1,300-$1,600, counsel does not argue that this case was particularly complex. Indeed, a review of the thirteen-page opening brief filed by Plaintiff suggests that the grounds on which Plaintiff challenged the Commissioner's denial of benefits were fairly simple and straightforward. (*See e.g.*, ECF No. 14). Plaintiff argued the ALJ failed to articulate specific and legitimate reasons for rejecting the opinion of Plaintiff's treating rheumatologist. (*Id.*, p. 6). Further, the medical record presented to the Court was relatively small and covered an eighteen-month span of time. (*See* ECF No. 10-2, p. 2-3). After Plaintiff filed his opening brief, the Commissioner conceded error and voluntarily remanded to the agency. In comparison to the $119,480.00 of past-due benefits awarded, the amount in fees requested by Plaintiff for less than twenty-hours of work before the Court is excessive.

---

permissible as the statutory cap imposed by § 406(b) applies only to fees for representation in court "and not to the aggregate fees awarded under §§ 406(a) and (b)[.]" *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Thus, §§ 406(a) and (b) provide "for two pools of money for direct payment of fees," and "[t]he agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits." *Id.*

[2] This is the combined hourly rate for attorney time and paralegal time.

The Court also recognizes Counsel Cho's assumption of risk in agreeing to represent Plaintiff under a contingency fee agreement. *See Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ( "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases."). However, given the lack of complex legal issues, Plaintiff's case did not present unique risks beyond those inherent to contingency representation.

The Court notes that Counsel Cho explicitly retains his right to seek up to 25% of the past-due benefits for work performed before the agency and "exercises billing discretion to limit the aggregate of all fees received to 25% of the past due benefits, the only withholding the Commissioner makes." (ECF No. 23, p. 8). The Court takes no position on such recovery, which is not before this Court. Moreover, the fact that counsel does not intend to request an amount in excess of the 25% of past-due benefits withheld does not demonstrate that the present fee request is reasonable. *See Joseph S. v. Kijakazi*, No. CV 20-09138-DFM, 2023 WL 2628243, at *2 n.4 (C.D. Cal. Jan. 23, 2023) (citing *Gisbrecht*, 535 U.S. at 807 n.17). However, counsel's intent to seek agency representation fees underscores the fact that the present fee request is compensation *only* for work done before this Court. As discussed above, the work before this Court was limited to a single relatively routine legal challenge based on a narrow medical record that resulted in a voluntary remand.

Accordingly, the Court finds that a downward adjustment in the requested amount from $24,000 to $17,800 is warranted. This results in an effective hourly combined rate of $1000. The Ninth Circuit has affirmed similar reductions to other fee requests by Counsel Cho. In *Soriano v. Saul*, the district court permissibly reduced the amount requested by Counsel Cho from $20,000 to $15,000, which effectively reduced the hourly combined rate from $1129.94 to $847.45, by concluding the fee requested "would be a 'windfall' in light of the small number of hours expended [17.7 combined], a relatively simple legal issue and medical record, and the fact that former counsel had produced a thorough analysis before the SSA[.]" 831 Fed.Appx. 844, 844-45 (9th Cir. Dec. 21, 2020). In *Robles v. Saul*, the district court permissibly reduced the amount requested by Counsel Cho from $20,000 to $16,000 after examining "the risk and complexity of the case and discuss[ing] various hourly rates in comparable cases." 831 Fed.Appx. 272, 273 (9th Cir. Dec. 11, 2020). A review of recent Eastern District cases also suggests that an effective rate

of $1000 for work performed by Counsel Cho is appropriate. *See Hernandez v. Commissioner of Soc. Sec.*, No. 1:18-cv-00321-CDB, 2024 WIL 457576, at * 2 (E.D. Cal. Feb. 6, 2024) (Counsel Cho's fee request of $15,334 reasonable given effective hourly rate of $658.11 for 23.3 hours of work); *Barker v. Kijakazi*, No. 1:19-cv-01385-HBK, 2022 WL 4664514, at *2 (E.D. Cal. Sept. 30, 2022) (Counsel Cho's fee request of $26,576 reasonable given effective hourly combined rate of $1170.75 for 22.7 hours of work); *Urrabazo v.Kijakazi*,  No.1:19:-cv-0248-JLT, 2021 WL 3662473 at *2 (E.D. Cal. Aug. 18, 2021) (Counsel Cho's fee request of $22,000 for 22.4 hours of work, i.e., $982.14 per hour, reasonable given work performed before the court such as "reviewing the administrative record, which was more than 1,100 pages; legal research regarding the issues presented; and preparation of the complaint, confidential letter brief, and opening brief").

An award of attorney fees pursuant to § 406(b) in the amount of  $17,800.00 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $3,400.00 in EAJA fees, and counsel agrees to refund these fees. (ECF No. 23-1, p. 1).

## III. CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED that the motion for attorney fees (ECF No. 23) under 42 U.S.C. § 406(b) is GRANTED IN PART as follows:

1. The Commissioner is directed to certify the fee of $17,800.00 payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC out of Plaintiff's past-due benefits in accordance with agency policy.
2. Plaintiff's counsel is directed to refund Plaintiff $3,400.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of these fees.

\\\
\\\
\\\
\\\
\\\
\\\

3. Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff and shall thereafter file a certificate of service on the docket.

IT IS SO ORDERED.

Dated:  **February 16, 2024**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE